1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    PHILLIP R. ORDONEZ, LOIDA S.                    CASE NO. CV F 08-1148 LJO GSA
      ORDONEZ, and ED BRINGAS,
12
                           Plaintiffs,              **ORDER ON DEFENDANTS' MOTION TO**
13                                                  **DISMISS** (Doc. 9)
            vs.
14
      SAXON MORTGAGES SERVICES,
15    INC., et al.,

16                         Defendants.
                                                /
17

18                          __INTRODUCTION__

19           Defendants Saxon Mortgage Services, Inc. ("Saxon") and Deutsche Bank Trust Company

20    Americas ("Deutsche Bank") (collectively "defendants") move to dismiss plaintiffs Phillip R. Ordonez,

21    Loida S. Ordonez (collectively "plaintiffs"), and Ed Bringas' ("Mr. Bringas") real estate claims as non-

22    cognizable and lacking sufficient facts for requested relief.  Plaintiffs, proceeding in propria persona,

23    failed to oppose defendants' motion.  For the following reasons, this Court GRANTS in part and

24    DENIES in part defendants' motion to dismiss.  This Court VACATES the February 19, 2009 hearing

25    and ORDERS Plaintiffs, no later than March 6, 2009, to file and serve: (1) a first amended complaint

26    to comply with federal pleading requirements and this Court's Local Rules; or (2) a statement that they

27    abandon their claims.  Failure to file an amended complaint on or before March 6, 2009 shall result in

28    dismissal of this action.

                                                1

# BACKGROUND

## Underlying Loan

Plaintiffs Phillip Ordonez and Loida Ordonez obtained a series of refinancing loans secured by the real property located at 35885 Lodge Road in Tollhouse, California ("property").  First, on July 28, 2005, plaintiffs executed a deed of trust to secure a debt in the amount of $290,000.00 plus interest ("2005 Loan").  Next, on April 5, 2006, plaintiffs executed a subsequent deed of trust to secure a debt in the amount of $399,000.00 plus interest ("2006 Loan").  The 2005 and 2006 Loans were each obtained from Saxon and secured by the subject property.  On February 27, 2007, plaintiffs executed a third deed of trust to secure a debt in the principal amount of $517,000.00 plus interest ("2007 Loan").  The 2007 loan was used to refinance prior loans funded by Saxon, and was secured by the property.  Saxon is the original lender of the 2007  Loan.

Plaintiffs defaulted on the 2007 Loan on January 2008.  Saxon, as the beneficiary under the 2007 Loan, recorded a Notice of Default and Election to Sell Under Deed of Trust  through its agent, defendant Quality Loan Service Corporation.  On April 18, 2009, a Notice of Trustee's Sale was recorded indicating that a trustee's sale would take place on August 11, 2008.  On June 6, 2008, Saxon assigned and transferred its interest in the deed of trust to Deutsche Bank.  On August 11, 2008, the trustee's sale occurred and title to the property transferred to Deutsche Bank.

## Allegations and Claims

The operative original complaint ("complaint") alleges that plaintiffs contracted with defendant Pacific Standard Mortgage Company ("Pacific") to be their mortgage broker.  On February 27, 2007, Saxon and Pacific conducted a loan closing to consummate the 2007 Loan.  The 2007 Loan provided by Saxon was an Adjustable Rate Balloon Note 2-28 balloon mortgage with a variable interest rate of 10.826% annual percentage rate. Plaintiffs allege that at the February 27, 2007 loan closing:

1.      No Pacific representative was present;

2.      No explanation was given about the documents plaintiffs were signing;

3.      No explanation was given about the type of loan program provided to plaintiffs;

4.      Plaintiffs were not informed of their right to cancel the loan within 3 days;

5.      Plaintiffs were not informed of their right to rescind;

2

1      6.     No U.S. Department of Housing and Urban Development "Settlement Statement" was

2               provided; and

3      7.     Plaintiffs were provided with an "Estimated Borrowers Closing Statement," which

4               included the following: "YSP to Pacific Standard Mortgage paid by Lender POC

5               $10,350."

6  Plaintiffs allege that Saxon paid the yield spread premium ("YSP") to Pacific as a "kickback" in

7  connection with Pacific's referral of the plaintiffs' Ordonez loan and that this fee increased the plaintiffs'

8  settlement costs and monthly payments.

9        The complaint asserts the following claims:

10      1.     A (first) Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.,

11              cause of action against Saxon and its assignees;

12      2.     A (second) RESPA cause of action against Pacific;

13      3.     A (third) intentional interference with contractual relationship against Saxon;

14      4.     A (fourth) breach of fiduciary duty cause of action against Pacific;

15      5.     A (fifth) restitution cause of action against Saxon;

16      6.     A (sixth) fraud by concealment cause of action against Saxon;

17      7.     A (seventh) fraud by concealment cause of action against Pacific;

18      8.     An (eighth) Truth In Lending ("TILA") rescission cause of action against Pacific and

19              Saxon;

20      9.     A (ninth) TILA damages cause of action against Pacific and Saxon;

21     10.    A (tenth) predatory mortgage loan servicing cause of action against Pacific, Saxon,

22              Quality, and Deautshce Bank;

23  The complaint seeks to rescind the 2007 Loan, monetary, statutory and treble damages, and attorney fees.

24  Defendants move to dismiss plaintiffs' first through sixth and eighth through tenth causes of action.

25                      **DISCUSSION**

26                  **Standard of Review**

27        A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in

28  the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any

evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule12(b)(6) motion, the court must:  (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted).  A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

For a Rule12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).  Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2.  A court may also consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).  A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).  Moreover, "judicial notice

4

may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As such, this Court may consider the pertinent loan documents.

With these standards in mind, the Court now turns to defendants' arguments.

### Ed Bringas Dismissed as Plaintiff

The Court first considers whether Mr. Bringas lacks standing as a plaintiff in this action. According to the complaint, Mr. Bringas holds ownership interest in the property and plaintiffs Ordonez are permanent residents of the property. (Compl. ¶¶3-5). Mr. Bringas is identified in no other factual allegations of the complaint. The complaint also alleges that the plaintiffs Ordonez have owned the property since 2000. (Compl.¶28).

Mr. Bringas bears the burden to prove standing by showing an injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Mr. Bringas failed to oppose defendants' motion to dismiss and does not otherwise demonstrate that he has standing to assert a cause of action against defendants. The complaint is unclear as to whether Mr. Bringas has a continued ownership interest in the property. Moreover, the allegations of the complaint concern purported violations of RESPA, intentional interference with contractual relationship, restitution, fraud, TILA, and "predatory mortgage loan servicing." These causes of action relate to the 2007 Loan transaction. Mr. Bringas, however, was not a party to the 2007 Loan. The plaintiffs Ordonez are signatories to that agreement. Thus, the facts relate to the plaintiffs Ordonez, their legal rights and interests in the 2007 Loan. Accordingly, this Court dismisses Mr. Bringas as a plaintiff for lack of standing. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 14 (2004).

### RESPA Claims

Defendants challenge plaintiffs' (first and second) RESPA causes of action as untimely. The statute of limitations to bring a claim under 12 U.S.C. §2607 is one year from the date of the occurrence of the alleged violation. 12 U.S.C. §2614. The one year limitations period commences no later than the date of actual disclosure of actions constituting the alleged violation. *Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981).

1    Plaintiffs allege that the 2007 Loan closed on February 27, 2007 (Compl. ¶39).  Plaintiffs further

2    allege that the "Estimated Borrowers [sic] Closing Statement," provided to them on February 27, 2007,

3    included the YSP.  (Compl. ¶¶39, 40).  As Plaintiffs admit that the YSP was disclosed on February 27,

4    2007, Plaintiffs' RESPA claim is untimely.   The complaint was not filed until August 8, 2008.

5    Additionally, because Plaintiffs' untimely RESPA claims are barred as a matter of law, leave to amend

6    the complaint would be futile.  Accordingly, plaintiffs' RESPA claims are dismissed without leave to

7    amend. *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

8    <u>**Intentional Interference with Contractual Relations Claim**</u>

9    Plaintiffs' third claim is for an intentional interference with contractual relations against Saxon.

10   To recover in tort for intentional interference with the performance of a contract, plaintiffs must plead

11   and prove: (1) a valid contract with a third party; (2) defendants' knowledge of the contract; (3)

12   defendants' intentional acts designed to induce breach or disruption of the contractual relationship; (4)

13   actual breach or disruption of the contractual relationship; and (5) resulting damages. *Quelimane Co.*

14   *v. Stewart Title Guarantee Co.*, 19 Cal. 4th 26, 55 (1998).

15   From the allegations of the complaint, plaintiffs appear to allege that Saxon intentionally

16   interfered with a fiduciary duty Pacific owed plaintiffs to them by offering the YSP.  Plaintiffs allege

17   that: (1) Plaintiffs entered into a contract with Pacific whereby they would pay a fee to Pacific in

18   consideration of Pacific acting as their agent in procuring a loan for them (Comp. ¶59); (2) Saxon knew

19   Plaintiffs had a contract with Pacific in conjunction with the loan transaction at issue (Compl. ¶60); (3)

20   Saxon induced Pacific to breach its agency contract with, and its duty owed to, Plaintiffs by offering and

21   paying Pacific an illicit payment to steer Plaintiffs to Saxon for a loan at artificially inflated rates and

22   terms (Compl. ¶61); and (4) Plaintiffs were damaged by Saxon's conduct in that they unwittingly signed

23   the loan at a higher interest rate and points than were actually available to them from Saxon (Comp. ¶

24   62).  Plaintiffs allege that Pacific "was an agent for Plaintiffs by express and implied contract and by

25   operation of law." Compl. ¶67.  Thus, plaintiffs contend that Saxon induced Pacific to breach its

26   fiduciary duty by offered the yield spread premium.

27   Defendants argue that plaintiffs' claim must be dismissed because plaintiffs failed to aver

28   specific ultimate facts to show how defendants maliciously intended to interfere with plaintiffs'

6

contractual relations with Pacific.  Defendants' argument fails on two grounds.  First, defendants err by asserting that plaintiffs must plead with specificity this claim.   Fed. R. Civ. P. 8 requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief."  To comply with Rule 8, a plaintiff "must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).  Plaintiffs allegations comply with the Rule 8 pleading standard.  Second, defendants' contention that plaintiffs must plead and prove that defendants "maliciously intended to interfere" with plaintiffs' contractual relationship with Pacific is erroneous.  "Because interference with an existing contract receives greater solicitude than does interference with prospective economic advantage, it is not necessary that the defendant's conduct be wrongful apart from the interference with the contract itself." *Quelimane Co.*, 19 Cal. 4th at 55.  The "additional aspect of wrongfulness is not an element of the tort of intentional interference with an existing contract." *Id.* at 56.  Accordingly, defendants' motion to dismiss this cause of action is denied.

### Restitution

Plaintiffs assert a (fifth) restitution claim against Saxon.  Plaintiffs allege that Saxon has been unjustly enriched by the portion of monthly payment it collects from plaintiffs that is "attributable to the artificial, inflated component of plaintiffs' loan contract." (Compl. ¶76).  Defendants argue that plaintiffs fail to state a cause of action for restitution because any money paid by plaintiffs on their loan was required by the loan documents executed by plaintiffs.

Under the law of restitution, a defendant "is required to make restitution if he or she is unjustly enriched at the expense of another." *First Nationwide Savings v. Perry*, 122 Cal. App. 4th 1657, 1662 (1992).  "[R]estitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct.  In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory." *McBride v. Boughton*, 123 cal. App. 4th 379, 388 (2004).

Based on the survival of the fraud by concealment claim, as discussed more fully below, plaintiffs' restitution claim shall not be dismissed.

### Fraud by Concealment

Plaintiffs' (sixth and seventh) fraud by concealment claims against Saxon and Pacific are based on the following allegations: (1) Saxon represented to plaintiffs that "YSP to Pacific paid by lender POC $10,350;" (2) Saxon and Pacific intentionally suppressed and concealed from plaintiffs the fact that Saxon was paying Pacific to steer plaintiffs to Saxon for a mortgage loan; (3) Saxon and Pacific intentionally suppressed and concealed from plaintiffs the fact that Saxon paid Pacific $10,350 to charge plaintiffs a higher interest rate; and (4) in executing the loan, plaintiffs unwittingly agreed to pay illegal and improper charges.

Defendants argue that plaintiffs' fraud by concealment claim fails because plaintiffs fail to allege that Saxon owed them a fiduciary duty. However, failure to allege a fiduciary duty is not fatal to plaintiffs' claim necessarily. "There are four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *OCM Principal Opportunities Fund v. CIBC World Markets Corp.*, 157 Cal. App. 4th 835, 859 (2007) (quoting *LiMandri v. Jenkins*, 52 Cal. App. 4th 326, 336 (1997)). Where no fiduciary relationship exists, "the duty to disclose presupposes some sort of transaction between the parties. Thus, a duty to disclose may arise [between] parties entering into any kind of contractual relationship." *OCM Principal*, 157 Cal. App. 4th at 859. Here, plaintiffs and Saxon entered into a contractual relationship with the 2007 Loan. Accordingly, plaintiffs' fraud by concealment claims survive.

### TILA claims

Plaintiffs assert two claims based on the federal Truth In Lending Act. First, plaintiffs assert a rescission claim based on the allegation that Pacific and Saxon failed to disclose that plaintiffs had a right to rescind the 2007 Loan, in violation of 15 U.S.C. §1635(a). Second, plaintiffs assert a damages claim based on Pacific's and Saxon's alleged failure to deliver material disclosures and failure to respond to plaintiffs' Notices of Rescission.

Plaintiffs' (eighth) rescission cause based on the 2007 Loan transaction fails to state a claim.

8

A "transaction which constitutes a refinancing or consolidation...by the same creditor secured by an interest in the same property" is exempted from the provision that requires disclosure of the right to rescind. 15 U.S.C. §1635(e)(2). Here, plaintiffs 2007 Loan was a refinancing of the two prior loans with Saxon and secured by the property. Accordingly, plaintiffs' eighth cause of action is dismissed.

Defendants argue that plaintiffs' (ninth) TILA damages claim is barred by the statute of limitations. The statute of limitations to bring a claim for damages under TILA is one year from the date of the occurrence of the violation. 15 U.S.C. §1640(e). The one-year limitations period commences no later than the date of actual disclosure of actions constituting the alleged violation. *Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981). The purported failure to make required disclosures are deemed to occur at the time the loan documents are signed absent evidence showing fraudulent concealment or other action to prevent plaintiffs from discovering their claim. *Meyer v. Ameriquest Mtg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Here, plaintiffs allege that defendants failed to make material disclosures and failed to honor plaintiff's Notice of Rescission. Plaintiffs sent Saxon a Notice of Rescission on July 31, 2008 and August 5, 2008. Defendants leave unaddressed plaintiffs' claims of concealment and Notices of Rescission. Accordingly, defendants' motion is denied as to this claim.

### **Predatory Mortgage Loan Servicing**

Plaintiffs (tenth) predatory mortgage loan servicing cause of action fails to satisfy Rule 8 to plead specific elements of a statutory claim or violation to entitle plaintiffs to requested relief. The allegations of the cause of action are unintelligible, and the legal basis is unclear. Accordingly, this cause of action is dismissed.

### **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES Ed Bringas as a plaintiff in this action;

2. DISMISSES with prejudice plaintiffs' (first and second) RESPA causes of action and plaintiffs' (eighth) TILA rescission claim;

3. DISMISSES without prejudice plaintiffs' (tenth) predatory mortgage loan servicing claim;

4. DENIES defendants' motion to dismiss plaintiffs' (third) intentional interference with

1       contractual relations claim,(fifth) restitution claim, (sixth and seventh) fraud by

2       concealment claims, and (ninth) TILA damages claim;

3       5.    VACATES the February 19, 2009 hearing; and

4       6.    ORDERS plaintiffs, no later than March 6, 2009, to file and serve: (a) a first amended

5       complaint to comply with federal pleading requirements and this Court's Local Rules;

6       or (b) a statement that they abandon their claims.  If the first amended complaint is either

7       filed untimely or lacks a cognizable claim and/or sufficient facts for requested relief, this

8       Court will dismiss this action without prejudice on March 9, 2009.

9

10   IT IS SO ORDERED.

11   **Dated:**   **February 13, 2009**         **/s/ Lawrence J. O'Neill**

12                       UNITED STATES DISTRICT JUDGE